**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ARCHBISHOP MITCHELL T. ROZANSKI, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:26CV00224 MTS |
| SHERIFF GARY STOLZER, *in their official capacities*, *et al.*, | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR REQUEST FOR A MEDIATION ORDER AND RESETTING THE HEARING DATE**

COME NOW Markwayne Mullin, Secretary of the Department of Homeland Security, David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement, and Jennifer M. Fenton, Associate Director, Office of Professional Responsibility, in their official capacities (collectively Federal Defendants), by and through their counsel, and for their Memorandum In Support of their Motion for a Mediation Order and Resetting the Hearing Date state:

## I. Introduction

This Court should order the parties to mediation pursuant to Rule 6.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. The parties have agreed on a mediator, a time, date, and place for mediation. Second, the Court should move the November 18, 2026, hearing date and the corresponding November 13, 2026, date for disclosing witnesses and evidence. Moving the hearing date conserves judicial resources because successful mediation eliminates the need for, or substantially narrows issues to be covered at, the hearing. Moving the hearing is also consistent with Jesus Christ's teaching that litigants should "[s]ettle matters quickly with your adversary who is taking you to court." Matthew 5:25.

## II. Facts

Plaintiffs filed their Complaint and motion for a preliminary injunction on October 5, 2026. Doc. 1. Pursuant to the parties' motion [Doc. 25], this Court entered a scheduling order on October 21, 2025, setting a hearing on the preliminary injunction motion on November 18, 2026. Doc. 28.

In the meantime, the parties have agreed to a November 23, 2026, mediation. The parties have agreed upon Mr. William Corrigan (Corrigan) with the law firm of Carmody MacDonald (the Firm) as the mediator. Furthermore, the mediation is set for November 23, 2026, at 9:30 a.m. at the Firm.

## III. Argument

### A. Federal Defendants Request An Order Directing the Parties to Mediation.

"Pretrial settlement of litigation has been advocated and used as a means to alleviate overcrowded dockets, and courts have practiced numerous and varied types of pretrial settlement techniques for many years." *Nick v. Morgan's Foods, Inc.*, 99 F. Supp.2d 1056, 1060 (E.D. Mo. 2000), *aff'd*, 270 F.3d 590 (8th Cir. 2001). "[O]n the motion of any party," the Court "may refer appropriate civil cases to Alternative Dispute Resolution (ADR): mediation or early neutral evaluation. The Court may also refer cases to any ADR process upon which the parties may agree." E.D. Mo.L.R. 6.01.

A mediation is "'a process in which a mediator: (1) facilitates communication and negotiation between mediation parties to assist them in reaching an agreement regarding their dispute; or (2) promotes reconciliation, settlement or understanding between and among the parties[.]'" *Harvey v. THI of New Mexico at Albuquerque Care Cr., LLC.*, 2015 WL 12659914, at *20 (D. N.M. Mar. 31, 2015) (quoting N.M.S.A. 1978, § 44-7B2(A) (2007)); *see also Strickland v. United States*, 744 F. Supp.3d 477 (W.D.N.C. 2024) ("the purpose of . . . mediation is to afford

the mediator the opportunity to consult separately and/or jointly with the [parties] . . . to discuss alternatives for resolving a dispute, including any and all possibilities of reaching a voluntary, mutually satisfactory mediation.") (citations and quotations omitted)). "Good faith participation in ADR does not require settlement. In fact, an ADR conference conducted in good faith can be helpful even if settlement is not reached. On the other hand, the rules and orders governing ADR are designed to prevent abuse of the opponent, which can and does occur when one side does not participate in good faith." *Nick*, 99 F. Sup.2d at 1061.

Accordingly, the Local Rules require an order referring the parties to mediation to:

> [a.] designate a lead counsel who is responsible for coordinating the ADR process with the parties and neutral, including selecting an agreeable date, time, and if necessary, location for the initial ADR conference.
>
> [b. Furthermore, by a date set by the Court,] lead counsel shall notify the Clerk of the agreed choice of neutral selected by the parties and the date, time, and location of the initial ADR Conference . . . [and] shall send a copy of the ADR referral order to the neutral and will inform counsel and the parties of their additional obligations regarding ADR.

E.D. Mo. L.R. 6.02(A)(1). Furthermore, Local Rules also impose obligations on the parties. Here, they require:

> *[a]ll named parties and their counsel . . . to attend* the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under this Rule. The attendance requirement is satisfied by appearing in person or by video conference, *unless in-person attendance is Ordered by the Court or required by the neutral*. Unless excused by the neutral for good cause shown, when appearing by video conference, person must be visibly present in front of their camera with audio and video turned on so that audio and visual interaction with all parties can occur." [E.D. Mo. L.R. 6.02(C)(1)(a) (emphasis added)].
>
> Not later than fourteen (14) days prior to ADR Conference, each party will provide to all parties, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making disclosure. This list shall state the names of the individuals attending and their general job titles and shall state whether each person is attending in person or by videoconference.

E.D. Mo. L.R. 6.02(C)(1)(a-b). For government entities,

> [a] unit or agency of government satisfies this attendance requirement if represented by a person who has authority to settle, and who is knowledgeable about the facts of the case, the government unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements."

E.D. Mo. L.R. 6.02(C)(2)(b). If any party contests

> the manner of attendance listed in another party's disclosure, or the lack of attendance by any party who would be necessary in any way to achieve settlement, [the party] must inform the neutral in writing of their contest, simultaneously copying all counsel, no fewer than ten (10) days prior to the date of the conference.

E.D. Mo. L.R. 6.02(C)(1)(c). Finally,

> [n]ot later than ten (10) days prior to the initial ADR conference, each party will provide the neutral with a memorandum presenting a summary of disputed facts and a narrative discussion of its position relative to both liability and damages, together with such other information as shall be appropriate to the individual case. These memoranda shall be treated as Confidential Communications and shall not be filed in the public record of the case nor provided to any other party or counsel.

E.D. Mo. L.R. 6.02(C)(3).

Here, the parties agree to Corrigan as their mediator. Moreover, the mediation is scheduled for November 23, 2026, at 9:30 a.m. at the Firm. This means that the parties must identify the mediation participants to Corrigan by Monday, November 9, 2026. Moreover, they must provide their mediation statements to him by Friday, November 13, 2026.

Counsel for Federal Defendants, along with three representatives from the Department of Homeland Security, U.S. Immigration and Customs Enforcement, will attend mediation in person at the Firm. Federal Defendants believe that Archbishop Mitchell T. Rozanski and Father Christopher Schroeder – as well as a representative of the Archdiocese of St. Louis – must also participate in person. Both Archbishop Rozanski and Father Schroeder assert that the Ste. Genevieve Detention Center's (the Center) policies interfere with their right to practice their religion; specifically Jesus Christ's command under Matthew 25:36 – "I needed clothes and you

clothed me, I was sick and you looked after me, I as in prison and you came to visit me." *See also* Doc. 1 at ¶ 2. As named Plaintiffs, alleging that the Center's policies violate their specific rights, the in-person, physical, presence is essential to resolving the case's potential issues.

> Meaningful negotiations cannot occur if the only person with authority to actually change their mind and negotiate is not present. Availability by telephone is insufficient because the absent decision-maker does not have the full benefit of the ADR proceedings, the opposing party's arguments, and the neutral's input.

*Nick*, 99 F. Supp.2d at 1062. Archbishop Rosanski and Father Schroeder must "be present and hear first hand the good facts *and* the bad facts about the case." *Id.* Therefore, Federal Defendants ask this Court to order all parties to be physically present at the November 23, 2026, Mediation.

**B. Federal Defendants Ask the Court to Move the November 18, 2026, Hearing Date.**

In addition to seeking an Order directing the parties to mediation, Federal Defendants also ask this Court to enter its Order moving the November 18, 2026, Hearing Date and the corresponding November 13, 2026, date for disclosing evidence to some time after the mediation. In addition to the teaching Archbishop Rozanski and Father Schroeder cite, Jesus Christ also taught litigants to "[s]ettle matters quickly with your adversary who is taking you to court. Do it while you are still with him on the way . . ." to avoid legal consequences and to preserve peace. Matthew 5:25-26. On November 4, 2026, undersigned counsel contacted Plaintiffs' counsel concerning this request, and Plaintiffs indicated that they oppose the request. Counsel for the State Defendants consents to this request.

First, moving the hearing to a date after the mediation is consistent with a chief purpose of pretrial settlement techniques, *i.e.*, alleviating "overcrowded dockets." *Nick*, 99 F. Supp.2d at 1060. Successfully mediating this matter will cause the parties to resolve all the issues – so that

no hearing is necessary – or resolve some issues – narrowing those issues requiring the Court's consideration. This will save judicial resources.

Additionally, courts themselves recognize that informal processes, such a mediation, are helpful to resolve disputes. For example, the United States Court of Appeals for the Eighth Circuit Employment Dispute Resolution Plan, Adopted by the Eighth Circuit Court of Appeals January 15, 2020 (amended July 16, 2025), states that "[a]n Employee asserting any claim of abusive conduct *must* first use Assisted Resolution before filing a Formal Complaint." *Id.* at p. 7 (emphasis added). "Assisted Resolution" includes, among other things, "engaging in voluntary mediation between persons involved . . . ." *Id.* at p. 5.

Finally, failing to move the hearing to a date after the mediation potentially divides the parties' hearing and mediation preparation. Currently, the parties must prepare for both the November 18, 2026, hearing and the November 23, 2026, mediation. They must devote time to both mediation summaries and hearing presentations. Additionally, they must identify mediation participants and hearing witnesses. While the mediation summary and hearing presentations or the witnesses for mediation and those for hearing purposes may overlap, the purpose of both proceedings differs – and the materials and witnesses are different. In the mediation for example, the parties – because the summary is confidential – may freely articulate their cases' weak positions, strong positions, and areas for negotiation. By contrast, the hearing presentation is unlikely to identify the weaknesses because the party will not want to concede them. Likewise, the mediation participants – with settlement authority – may differ from hearing witnesses. However, without moving the hearing, the parties will need to prepare for both proceedings simultaneously.

Second, proceeding with the hearing and then the mediation disincentivizes full participation in the mediation. If the Court holds the hearing before the mediation, the hearing – including the Court's questions and testimony – will taint the parties' positions. One party, believing that the Court is likely to grant or deny the preliminary injunction, may participate less enthusiastically because it believes that the Court will rule in its favor. In other words, the party who believes that it prevailed in the hearing will not worry about the harsh consequences from an adverse ruling or desire to preserve peace because that party believes that the Court will impose certain consequence upon the non-prevailing party. Moving the hearing date beyond the mediation permits both parties – without knowledge of the Court's potential ruling – to mediate in good faith without concern of the Court's ruling.

## IV. Conclusion

This Court should grant Federal Defendants' Motion to Direct the Parties to Mediation and to Move the November 18, 2026, Hearing Date. First, the Parties have agreed to mediate this matter on November 23, 2026. Second, moving the November 18, 2026, hearing date permits the parties to fully prepare for and participate in both the mediation and the hearing.

Respectfully submitted by,

THOMAS C. ALBUS
United States Attorney
/s/ *Roger A. Keller, Jr.*
ROGER A. KELLER, JR., #42541MO
ONALEE YOUSEY IRWIN, #72742MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
Phone: (314) 539-2200
Fax: (314) 539-2196
E-mail: Roger.Keller@usdoj.gov
E-mail: Onalee.Irwin@usdoj.gov
Attorneys for Federal Defendants

**Certificate of Service**

I certify that I served the foregoing document to all attorneys of record via the Court's CM/ECF electronic notification system on November 4, 2026.

/s/ *Roger A. Keller, Jr.*
Roger A. Keller, Jr.

Assistant United States Attorney